# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MATHEW DOWLING,

    Plaintiff/Appellant

v.

PRADO VERDE RANCH, INC. *et al.*,

    Defendants/Appellees

Civ. No. 00-1785 BB/RLP
Bankr. No. 11-99-16718 MA

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 1 2 2001

Robert M. March
CLERK

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     Mathew Dowling appeals from the United States Bankruptcy Court's determination that certain property of the debtors, defendants/appellees herein, could not be classified as "single asset real estate." The issue before this court is the correctness of the bankruptcy court's findings and conclusions. Findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo*. *Smith v. Child Support Enforcement*, 180 B.R. 648, 651 (D. Utah 1995).

2.     In 1999 three related bankruptcy cases were filed in bankruptcy court and were consolidated. Mathew Dowling is a judgment creditor of all three debtors, Jerome Willis, Prado Verde Ranch, Inc. (the Corporation), and Prado Verde Ranch Limited Partnership (the Partnership). Willis controls both the Corporation and the Partnership.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



3.      Eight months after seeking Chapter 11 relief, the debtors had not filed a proposed Plan of Reorganization and Dowling sought relief from the bankruptcy court's automatic stay as to certain property in the consolidated case. The Partnership lists $2,446,753.89 in assets, of which $2,408,000 is real estate: the Prado Verde Ranch (the Ranch). Some portion of the Ranch is owned by the Partnership with the remainder held in tenancy in common with one or more third parties. Dowling has a judgment lien, which attaches to the Partnership property but may or may not attach to other portions of the property.

4.      The bankruptcy court denied Dowling's motion to lift the stay:

> The primary assets of this bankruptcy estate are several tracts of real property which together are known as Prado Verde Ranch (the "Ranch"). Debtor's business consists primarily of selling parcels for development. According to the debtors' pleadings, part of the Ranch is owned in fee simple by Prado Verde Ranch Limited Partnership and part is owned by the Limited Partnership in tenancy in common with Annelise Simpson and her successors. The tenancy in common property is subject to an agreement between Prado Verde Ranch Limited Partnership and Ms. Simpson regarding its development and operation. Another part of the Ranch is owned by the Samis Trust which is a revocable trust in which Jerome Willis and his wife Ann Willis are the beneficiaries.

Memorandum Opinion and Order [Bankr. Doc. 183] at 2 (footnote omitted).

5.      The bankruptcy court concluded that

> the Ranch is not "single asset real estate" because it is not owned and operated as a single property or project. The Ranch is divided into several sections, called units, which are not owned solely by the Debtors. Although courts have held that undeveloped property can constitute single asset real estate, even if it generates no income [citations omitted], these

2

courts did not deal with debtors who were in co-ownership positions.

*Id.* at 3.

6.   Finally, the court stated that it did "not have the requisite evidence before it of a common scheme or plan for the development of the property, other than marketing and selling parcels of property to third parties. The fact that this is essentially one contiguous tract of land is not sufficient to place it in the single asset real estate category."

*Id.* at 4.

7.   Section 218(a) of the Bankruptcy Reform Act of 1994, codified at 11 U.S.C. § 101(51B) defines "single asset real estate" as

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto having aggregate noncontingent, liquidated secured debts in an amount no more than $4,000,000 . . . .

8.   "This statute was intended to place single asset debtors on a fast track and to provide a new and less burdensome method of lifting the automatic stay so that the mortgagee could foreclose if the debtor did not move to reorganize quickly." David B. Young, *Automatic Stay Issues: Selected Recent Developments*, 804 *Prac. Law Inst.*899, 927 (2000). Thus, if the property is single asset real estate then the automatic stay may be lifted on that property under certain circumstances. See 11 U.S.C. § 362(2) (1994 & 2000 Supp.). Those circumstances include a debtor's failure to file its plan of reorganization within 90 days of its petition date; or a debtor's failure to make monthly

payments "in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate." *Id.* at § 362(d)(3)(B). Although relief to the creditor is mandatory, the complete lifting of the stay is not required by § 362(d) ("the court *shall* grant relief . . . such as by terminating, annulling, modifying, or conditioning such stay . . . .") (emphasis added). *Accord In re Planet 10*, 213 B.R. 478, 481 & n.4 (Bankr. E.D.Va. 1997).

9. In this case, the debtors did not file their Plan of Reorganization until eight months after the filing of the petition and was not making payments to any of the secured creditors. On this basis, Dowling sought relief from the stay as to real property owned solely by the Partnership.

10. In support of his appeal, Dowling argues that the bankruptcy court added an element not present in the statutory scheme; *i.e.*, that the property must be solely owned by the debtors. Dowling also argues that the bankruptcy court's determination that the property is not under a common scheme or plan is in error.

11. I do not understand the bankruptcy court's ruling to say that co-ownership of property with non-debtors defeats single asset status; rather, I understand the court to say that in this case, with property owned by debtors and non-debtors, there is a lack of evidence that the property is being operated as a single project or property, as required by § 101(51B). Because the bankruptcy court did not have evidence before it to make such a determination, I recommend that the case be remanded for the bankruptcy court to make that factual finding.

4

## RECOMMENDED DISPOSITION

I recommend that the case be remanded to bankruptcy court to make factual findings as stated herein and that Appellee's Motion for Oral Argument [Doc. 8] be denied as moot.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge